JUDGE FURMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

**SANKET KULKARNI, individually and on behalf**
**of all others similarly situated**

14 CV 5447

              **Plaintiff,**

              **-against-**

**ELTMAN, ELTMAN & COOPER, P.C.,**

              **Defendant.**

-------------------------------------------------------------x

**CLASS ACTION**
**COMPLAINT**

RECEIVED
JUL 18 2014
U.S.D.C. S.D. N.Y.

The plaintiff **SANKET KULKARNI** ("Plaintiff"), by his attorneys Fishman &

Mallon, LLP, as and for his complaint against the defendant **ELTMAN, ELTMAN &**

**COOPER, P.C.** (hereafter, "Defendant") alleges, upon information and belief, except

those allegations which directly relate to plaintiff himself, which are alleged upon

personal knowledge, as follows:

### INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Sanket

Kulkarni, on behalf of himself and all others similarly situated, against Defendant

Eltman, Eltman & Cooper, P.C. ("Eltman, Eltman & Cooper") for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") brought by the plaintiff

on behalf of himself and all others similarly situated.

2.    It is Eltman, Eltman & Cooper's policy and routine practice to send letters to

consumers, for the purposes of debt collection, which contain false and misleading

representations, implications, and threats, in violation of the FDCPA. Specifically,

1

Defendant falsely informed consumers that certain assets - that were either exempt (or partially exempt) from seizure  - were actually non-exempt and further threatened to seize property that Defendant did not intend to seize.

## PARTIES

3.   Plaintiff Sanket Kulkarni is a natural person residing in Jamaica, Queens, New York and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

4.   Defendant Eltman, Eltman & Cooper is a law firm and is located at 140 Broadway, New York, NY 10005.

5.   Defendant's principal purpose is the collection of debts and defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6.   The jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d).

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as defendant resides in this district.

## FACTUAL ALLEGATIONS

8.   On July 23, 2013, Defendant sent a letter to Kulkarni ("July 23 letter") stating that Defendant was collecting a debt for a judgment on behalf of Atlantic Credit & Finance Co.

9.   The July 23 letter stated that the letter should not be taken as a threat of a legal action.

10.  Defendant further stated in the July 23 letter that if Kulkarni failed to contact defendant, defendant's client may consider "the availability of additional remedies to recover the balance due."

2

11.   Defendant further stated in the July 23 letter that, "In certain circumstances, the law allows creditors to seek seizure by a Sheriff or other officer of certain non-exempt assets owned by you to pay the judgment that you owe."

12.   Defendant further stated in the July 23 letter that, "These non-exempt assets may include real estate and/or personal property, including cars, sports utility vehicles, trucks, boats, and motorcycles, as well as other personal property you may own. In certain circumstances, the law may also allow creditors to seek a wage garnishment through your place of employment."

13.   The July 23 letter had the name of Samuel Reyes on it.

14.   Defendant sent another letter to Kulkarni, dated July 25, 2013 (the "July 25 letter").

15.   In the July 25 letter, defendant stated that the letter should not be taken as a threat of a legal action.

16.   Defendant further stated in the July 25 letter that if Kulkarni failed to contact defendant, defendant's client may consider "the availability of additional remedies to recover the balance due."

17.   The July 25 letter had the name of Samuel Reyes on it.

18.   Defendant sent a third letter to Kulkarni, dated August 5, 2013 (the "August 5 letter").

19.   The August 5 letter stated that the letter should not be taken as a threat of a legal action.

20.   Defendant further stated in the August 5 letter that if Kulkarni failed to contact defendant, defendant's client may consider "the availability of additional remedies to

3

recover the balance due."

21.   Defendant further stated in the August 5 letter that, "In certain circumstances, the law allows creditors to seek seizure by a Sheriff or other officer of certain non-exempt assets owned by you to pay the judgment that you owe."

22.   Defendant further stated in the August 5 letter that, "These non-exempt assets may include real estate and/or personal property, including cars, sports utility vehicles, trucks, boats, and motorcycles, as well as other personal property you may own. In certain circumstances, the law may also allow creditors to seek a wage garnishment through your place of employment."

23.   As with the previous two letters, the August 5 letter had the name of Samuel Reyes on it.

24.   Upon information and belief, Eltman, Eltman & Cooper sends form letters containing virtually identical boilerplate text to hundreds, if not thousands, of consumers.

25.   Hundreds, if not thousands, of consumers receive form letters from defendant containing the language:

> a.   "In certain circumstances, the law allows creditors to seek seizure by a Sheriff or other officer of certain non-exempt assets owned by you to pay the judgment that you owe. . . . These non-exempt assets may include real estate and/or personal property, including cars, sports utility vehicles, trucks, boats, and motorcycles, as well as other personal property you may own. In certain circumstances, the law may also allow creditors to seek a wage garnishment through your place of

employment."

## CLASS ACTION ALLEGATIONS

26. This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and all members of a class (the "Class"), consisting of all consumers who were sent a letter from Eltman, Eltman & Cooper attempting to collect a debt, received by the consumer within one year prior to the initiation of this action, which included the following language or language substantially similar to the following language:

> "In certain circumstances, the law allows creditors to seek
> seizure by a Sheriff or other officer of certain non-exempt
> assets owned by you to pay the judgment that you owe. . . .
> These non-exempt assets may include real estate and/or
> personal property, including cars, sports utility vehicles,
> trucks, boats, and motorcycles, as well as other personal
> property you may own. In certain circumstances, the law
> may also allow creditors to seek a wage garnishment through
> your place of employment."

27. The requirements of FRCP Rule 23(a) is met in that:

    a.    Rule 23(a)(1) Numerosity - The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff believes that the Class, as described above, consists of hundreds and perhaps thousands of individuals, although the

exact number and identity of individual class members are presently
unknown, and can only be ascertained through appropriate discovery.

b.  Rule 23(a)(2) Commonality - There are no individual issues in this case.
All of the legal and factual issues in this class action are common to each
proposed class member; including:

  i.  Whether Eltman, Eltman & Cooper is a debt collector within the
  meaning of the FDCPA;

  ii.  Whether Eltman, Eltman & Cooper's letters that include language
  representing and implying that nonpayment of a debt would result
  in the seizure of property and garnishment of wages were false and
  misleading representations in violation of 15 U.S.C. § 1692e(4)-(5)

  iii.  Whether Eltman, Eltman & Cooper's alleged violations of law have
  been negligent and/or willful;

  iv.  Whether plaintiff and the Class are entitled to statutory and/or
  actual damages as a result of Eltman, Eltman & Cooper's alleged
  violations of law

c.  Rule 23(a)(3) Typicality - Plaintiff's claims are typical of the proposed
class members' claims inasmuch as all such claims arise out of Eltman,
Eltman & Cooper's alleged false and misleading representations in
connection with the collection of debts, in violation of the FDCPA.

d.  Rule 23(a)(4) Adequacy of Representation - Plaintiff can and will fairly
and adequately represent and protect the interests of the proposed class.
Plaintiff has no interests antagonistic to the interests of the other

members of the class. Plaintiff is committed to the vigorous prosecution

of this action and has retained competent counsel with substantial

experience in representing plaintiffs in class actions and consumer

litigation, including actions brought under the FDCPA. Accordingly,

plaintiff is an adequate representative of the Class and will fairly and

adequately protect the interests of the Class.

28. Without the representation provided by plaintiff, and without this action

proceeding on a class-wide basis, Eltman, Eltman & Cooper will not change its wrongful

conduct and ongoing practices and virtually no proposed class member would be able to

obtain the relief sought herein because most consumers are not aware of their rights to

enforce the claims, and, even if consumers are aware, individual claims are cost

prohibitive to pursue because of the burden and expense of showing the systematic and

regular nature of its failure to comply with applicable law.

29. Rule 23(b)(3) - Certification is appropriate under Rule 23(b)(3) of the Federal

Rules of Civil Procedure because questions of law or fact common to class members

predominate over any questions affecting only individual members and a class action is

superior to other available methods for fairly and efficiently adjudicating the

controversy.

30. In addition, the class members will likely have little interest in individually

controlling the prosecution of separate actions, there is no known current litigation by

any members of the class against defendant based on the claims asserted herein and

there would be few, if any, difficulties in managing this case as a class action. In fact,

class adjudication is advantageous to individual litigation because it will conserve

judicial resources and is more efficient for class members, particularly for those who lack the resources to bring claims individually.

## FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.  Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32.  The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

33.  15 U.S.C. § 1692e provides, in pertinent part:

> i.  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ....
>
>> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>>
>> (5) The threat to take any action that cannot legally be

8

taken or that is not intended to be taken.

34. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing and implying that nonpayment of the debt will result in the seizure of property which was actually exempt (or partially exempt) from seizure and by falsely stating that such assets were actually not exempt from seizure.

35. Defendant violated 15 U.S.C. § 1692e(5) by threatening to seek seizure by a Sheriff or other officer of real estate and/or personal property, including cars, sports utility vehicles, trucks, boats, motorcycles, other personal property, and to seek a wage garnishment. Defendant did not intend to take these actions.

36. As a result of defendant's unlawful conduct plaintiff suffered actual economic and emotional distress damages.

**WHEREFORE,** the plaintiff Sanket Kulkarni, on behalf of himself and the Class described herein, demands judgment against Eltman, Eltman & Cooper as follows:

37. Certifying this case as a class action and certifying the named plaintiff herein to be an adequate class representative and his counsel to be adequate class counsel;

38. Entering a judgment on behalf of plaintiff and the members of the Class, for actual damages proved at trial and for statutory damages pursuant to 15 USC § 1692k(a)(2)(A)

39. Entering a judgment awarding plaintiff the costs of this action, together with attorneys fees; and

40. Awarding such other and further relief as the Court finds necessary and proper.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES OF ACTION**

**ASSERTED HEREIN.**

Dated: July 18, 2014                    Respectfully submitted,

Sameer Singh Birring
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840
Attorneys for the Plaintiffs